IN THE
UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NORMA SANCHEZ, | . |
| Plaintiffs, | . |
| v. | . |
| DEJAUN CORNILOUS MOORE, | . |
| | . Case No.: |
| KOONS OF TYSONS CORNER, INC., | . |
| SAQUAN MOORE, | . |
| and | . |
| AUTO ASSETS, | . |
| Defendants. | . |

………………………………………………oOo……………………………………………

Serve: Richard VW Adams III
      Registered Agent
      Koons of Tysons Corner, Inc
      1925 Isaac Newton SQ, Ste 250
      Reston, VA 20190

Serve: Dejuan C. Moore
      9597 Thistle Ridge Lane
      Vienna, VA 22182

Serve: Saquan Moore
      9597 Thistle Ridge Lane
      Vienna, VA 22182

## COMPLAINT

COMES NOW Plaintiff, NORMA SANCHEZ (hereinafter referred to as "Sanchez" or "Plaintiff"), by counsel, and files her Complaint against Defendants AUTO ASSETS, LLC. (hereinafter referred to as "Auto Assets"), KOONS OF TYSONS CORNER, INC. (hereinafter referred to as "the Dealership"), SAQUAN MOORE and DEJAUN CORNILOUS MOORE.

## INTRODUCTION

Wage theft is rampant in the Commonwealth of Virginia, prompting the recent adoption of new Virginia state laws designed to compensate its victims and incentivize employers' compliance with the law. Worker misclassification is a form of wage theft and payroll abuse where workers that should be classified as employees are illegally classified as independent contractors. By misclassifying workers, employers deny employees their lawful wages and benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation. One way in which misclassification and other forms of wage theft are perpetrated is through the use of subcontractors like Defendants Auto Assets, Saquan Moore and Dejuan Moore, who fail to follow federal and state wage/hour and misclassification laws. Defendant Dealership and its subcontractors Auto Assets, Saquan Moore and Dejuan Moore have engaged in such conduct, the effect of which is to deny employees like Plaintiff working for Defendant Dealership their lawfully owed wages and benefits in violation of federal and Virginia wage and misclassification laws.

## PRELIMINARY STATEMENT

1. Plaintiff, who is a Spanish-speaking worker with little or no fluency in either spoken or written English, brings this action to require Defendants to pay back wages owed to her, which Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. ("FLSA"). Plaintiff seeks permanent injunctive relief and damages.

2. For varying periods from 2017 through August 2020 Plaintiff was employed by Defendants to wash, clean, and "detail" automobiles at the premises of the Dealership located at 8528 Tyco Rd. Vienna, Virginia 22182. Defendants employ between 15 and 20 employees to

3 | P a g e

perform these manual tasks. Plaintiff routinely worked more than 40 hours per week. Defendants failed to pay Plaintiff an overtime premium of one and one-half times her regular rate of pay for her hours worked over 40 in any workweek.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendants transact business in this District, Defendants employed Plaintiff in this District, and most of the actions complained of were conducted within this District.

## PARTIES

5. Plaintiff is a former, non-exempt employee of Defendants who earned, but did not receive, time and one-half pay for time spent over 40 hours per week from Defendants.

6. The Plaintiff at all times relevant hereto was an "employee" as that term is defined by 29 U.S.C. §203 (e).

7. The work of the Plaintiff regularly involved her in commerce between States ("interstate commerce"). The FLSA covers individual workers, like the Plaintiff, who are "engaged in commerce or in the production of goods for commerce."

8. The Defendant Auto Assets is a sole proprietorship with its principal place of business in Vienna, Virginia.

9. At all times relevant, Defendant Auto Assets has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or

produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

10. Defendant Dealership is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Vienna, Virginia, and at all times during Plaintiff's employment, Defendant Dealership was an employer as defined by 29 U.S.C. §203 (d).[1]

11. At all times relevant, Defendant Dealership has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

12. Defendant Dejuan Moore is a citizen and resident of the Commonwealth of Virginia residing at 9597 Thistle Ridge Lane, Vienna, Virginia, 22182. At all times during Plaintiffs' employment, Defendant Moore was an employer as defined by 29 U.S.C. §203 (d).

13. At all times relevant, Defendant Dejuan Moore has employed two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

14. Defendant Dejuan Moore at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, Defendant Moore is the owner of a business entity known as "Auto Assets" and appears on a frequent, almost daily basis at the Defendant Dealership where Plaintiff and other similarly situated employees are working, controls significant aspects of Auto Assets' operations, including the hiring and firing of employees.

---

[1] "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency….

15. The Defendant Saquan Moore is a citizen and resident of the Commonwealth of Virginia residing at 9597 Thistle Ridge Lane, Vienna, Virginia, 22182. At all times during Plaintiffs' employment, Defendant Moore was an employer as defined by 29 U.S.C. §203 (d).

16. At all times relevant, Defendant Saquan Moore has employed two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce, such as machines, automobiles, equipment, tools, supplies and cleaners that were transported or produced out-of-state.

17. Defendant Saquan Moore at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, Defendant Saquan Moore is the owner of a business entity known as "Auto Assets" and appears on a frequent, almost daily basis at the Defendant Dealership where Plaintiff is working, controls significant aspects of Auto Assets' operations, including the hiring and firing of employees.

18. In establishing the unlawful pay scheme at issue in this case and in misclassifying the Plaintiff as an independent contractor, Defendants Dejuan and Saquan Moore and was motivated by his desire to avoid paying an overtime premium to Plaintiffs and other similarly situated employees as required by the FLSA.

**FACTS**

19. Plaintiff hereby incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. Defendants hired the Plaintiff in 2017 for a period of 12 months. Plaintiff was hired again by Defendants August 2019 until August 20, 2020. Defendants paid Plaintiff at the rate of $15 per hour, and Plaintiff worked Monday through Saturday for 12 hours per day. Defendants never

paid Plaintiff any overtime premium for any of her hours worked over 40 in any workweek and did not provide Plaintiff with any written information concerning her hours worked or wages paid.

21. Plaintiff provided car wash and automobile "detailing" services at the Dealership located at 8528 Tyco Rd. Vienna, Virginia 22182 on behalf of Defendants.

22. The Dealership was a "joint employer" of Plaintiff under the test established in *Salinas v. Commercial Interiors, Inc., et al.*, 848 F.3d 125, 141-42 (4th Cir. 2017) in that the Dealership:

   A. Indirectly supervised or controlled the work of Plaintiff through instructions given directly to Defendants Saquan Moore and Dejuan Moore;

   B. Indirectly modified the terms and conditions of Plaintiff's work, including but not limited to her hours worked and her work schedule;

   C. Owned or controlled the premises on which Plaintiff performed her work; and

   D. Provided facilities necessary for Plaintiff to perform her work, including but not limited to utilities such as water and electricity;

23. When viewed in its entirety, Plaintiff's relationship with Defendant Dealership is that of an employee as defined by the FLSA, and Defendant Dealership is her joint employer together with the other Defendants. As held in *Salinas*, "[t]he ultimate determination of joint employment must be based upon the circumstances of the whole activity." 848 F. 3d at 142 (citations omitted).

24. The Plaintiff performed a "specialty job" in the Defendant Dealership's "production line".

25. Defendant Auto Assets maintains a business that can shift as a unit from one dealership to another.

26. The Defendant Auto Assets has a contract with the Defendant Dealership that can pass from one subcontractor to another without material changes.

27. During her period of employment, Plaintiff worked exclusively for Defendant Dealership for a period of 2 years.

28. Plaintiff's work at the Defendant Dealership is repetitive, requiring little skill or training.

29. The activities Plaintiff performed are an integral part of the overall business operation of the Defendant Dealership.

30. The Defendant Dealership's investment in the utilities and facilities used by Plaintiff in performing her work is greater than that of the Defendant Auto Assets.

31. The Defendant Dealership is a "joint employer" of the Plaintiff with the Defendant Auto Assets within the meaning of the FLSA.

32. The Plaintiff regularly worked more than forty hours in almost every week she worked during her employment by Defendants. In particular, Plaintiff consistently worked about 84 hours per week. Plaintiff never received any premium pay for her hours worked over 40 in any workweek.

33. Defendants improperly designated the Plaintiff as an independent contractor for tax purposes but exercised a degree of control over her and her work such that she is clearly an employee under any applicable legal standard. For example, Defendants either directly or indirectly set the hours worked by the Plaintiff, directly or indirectly supervised her work, directly or indirectly instructed her how to perform her work and directly or indirectly hired, fired, and disciplined the Plaintiff. Plaintiff was economically dependent on Defendants.

8 | P a g e

**OVERTIME COMPENSATION**

34. Defendants routinely and consistently required the Plaintiff to work over forty hours per week.

35. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one work week over forty hours. This is commonly known as the time-and-a-half pay for overtime work.

36. Despite working overtime, the Plaintiff was not paid time and one-half pay from Defendants for overtime worked.

**WILLFUL VIOLATIONS**

37. On information and belief, Defendants have for more than three years, willingly, deliberately and intentionally refused to pay the Plaintiff for time and one-half pay for overtime worked, and since on or after 2017, have willingly, deliberately, and intentionally refused to pay the Plaintiff for time and one-half pay for overtime worked.

38. On information and belief, and in violation of the FLSA, Defendants did not, during all relevant times, post the FLSA laws in an area alerting the named Plaintiff of her rights to payment for time worked and to overtime pay under the FLSA.

39. Consequently, Plaintiff was, until very recently, never aware that the FLSA provided for compensation for time and one-half pay for overtime worked.

40. Defendants led the named Plaintiff to believe that her regular pay was paid in conformity with the FLSA.

41. Defendants knew or should have known that the Plaintiff was entitled to compensation for time and one-half overtime pay under the FLSA, during all relevant times.

42. Defendants willfully, deliberately and intentionally failed to pay the Plaintiff for time and one-half overtime wages for her hours worked over forty in any workweek.

43. Defendants have never claimed that the FLSA laws do not apply to the Plaintiff, or that the Plaintiff is subject to any exemption from these requirements.

44. Plaintiff is, therefore, owed compensation for time and one-half overtime wages and back wages by Defendants, who willingly and knowingly withheld those wages.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME

45. The foregoing paragraphs are included herein as though fully set forth herein.

46. Defendants regularly engage in commerce and their employees handle and use goods, which have moved in interstate commerce.

47. At all relevant times, Defendants were and are employers within the meaning of the FLSA and are subject to the provisions of the FLSA.

48. The Plaintiff at all relevant times was an employee of Defendants, as defined by the FLSA.

49. During the period of time that Plaintiff was employed by Defendants, the Plaintiff performed regular, scheduled overtime work for which no additional compensation was paid to her by Defendants in violation of the provisions of the FLSA. More specifically, Defendants violated § 7 of the FLSA by failing to pay time and one-half overtime wages to hourly non-exempt employees, including the Plaintiff who earned overtime pay.

50. Upon information and belief, the Defendants' pay system was unilaterally imposed upon Plaintiff.

51. The Defendants' failure to properly administer a scheme of compensation, including but not limited to overtime compensation violates the overtime provisions of the FLSA and the regulations thereunder.

52. As a result of the Defendants' willful and knowing failure to properly compensate the Plaintiff, Plaintiff has suffered substantial delays in receipt of wages owed and damages.

53. The Defendants' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

54. Pursuant to 29 U.S.C. §§ 207 and 216, Defendants owe the Plaintiff compensation for her overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## COUNT II

## MISCLASSIFICATION –

## Va. Code § 40.1-28.7:7

55. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

56. Va. Code § 40.1-28.7:7 provides that "[a]n individual who has not been properly classified as an employee may bring a civil action for damages against his employer for failing to properly classify the employee if the employer had knowledge of the individual's misclassification."

57. Va. Code § 40.1-28.7:7 further provides that "[i]f the court finds that the employer has not properly classified the individual as an employee, the court may award the individual damages in the amount of any wages, salary, employment benefits, including expenses incurred by the

employee that would otherwise have been covered by insurance, or other compensation lost to the individual, a reasonable attorney fee, and the costs incurred by the individual in bringing the action."

58.     Defendants knowingly improperly classified Plaintiff as an independent contractor rather than as an employee, resulting in a denial to Plaintiff of overtime premiums and other employment benefits including insurance coverage and insurance benefits (including unemployment insurance benefits) which she would have been entitled to receive if she had been properly classified as an employee.

## COUNT III

**VIOLATION OF VIRGINIA WAGE PAYMENT LAW** –
**Virginia Code § 40.1-29 50.**

59.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

60.     Virginia Code § 40.1-29 provides that "[n]o employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee."

61.     Virginia Code § 40.1-29 also provides that an employee shall be timely "paid all wages or salaries due him for work performed . . . ."

62.     Virginia Code § 40.1-29 also requires that an "employer . . . shall provide to each employee a written statement, by a paystub or online accounting, that shows . . . the number of hours worked during the pay period if the employee is paid on the basis of . . . the number of hours worked [and] the rate of pay . . . . The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated."

63. Virginia Code § 40.1-29 also provides that "if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest . . . and reasonable attorney fees and costs."

64. Virginia Code § 40.1-29 also provides that "[i]f the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs."

65. Defendants violated Virginia law by knowingly failing to pay Plaintiff her wages due for hours worked over forty in a week and knowingly failing to provide Plaintiff paystubs showing hours worked and rate of pay.

66. Plaintiff was an "employee" and Defendants were her "employers."

67. Defendants' violations of Virginia law were repeated, knowing, willful, and intentional.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants on all counts and grant Plaintiff the following relief:

a. Unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216, totaling $31,680;

b.  Unpaid wages, employment benefits, and other compensation owed to Plaintiff resulting from Plaintiff's misclassification as independent contractors, pursuant to Va. Code § 40.1-28.7:7.

c.  Unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

d.  Unpaid wages, plus treble damages as liquidated damages, pursuant to the provisions of Virginia Code § 40.1-29 effective July 1, 2020, for a total additional amount of $1,980;

e.  Such equitable relief as may be appropriate including enjoining Defendant from further violations of these laws;

f.  Reasonable attorneys' fees and expenses incurred in the prosecution of this action;

g.  Costs that Plaintiff incurs in the prosecution of this action;

h.  Prejudgment and post-judgment interest as permitted by law; and

i.  Award any additional relief the Court deems just.

Respectfully submitted,

NORMA SANCHEZ
By Counsel

_____/s/_____
Thomas F. Hennessy (VSB No. 32850)
**THE HENNESSY LAW FIRM, PLLC**
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net

_____/s/_____
Bruce Godfrey
(Admitted to practice in Maryland only, MDSB #9412130282)
**JEZIC & MOYSE, LLC**
2730 University Blvd. W #604
Silver Spring, MD 20902
Phone: (240) 292-7200

godfrey@jezicfirm.com

*Counsel for Plaintiff*